**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1901**

JOSE MANUEL MIRA-AVILA,

          Petitioner,

     v.

WILLIAM P. BARR, Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  February 28, 2019                    Decided:  March 13, 2019

Before KING, KEENAN, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Kristi Bachir, IMMIGRATION FAMILY LEGAL SERVICES, Sterling, Virginia, for Petitioner.  Joseph H. Hunt, Assistant Attorney General, Anthony C. Payne, Assistant Director, Jeffery R. Leist, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Manuel Mira-Avila, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) denial of his requests for withholding of removal and protection under the Convention Against Torture. For the reasons set forth below, we deny the petition for review.

We review legal issues de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." *Li Fang Lin v. Mukasey,* 517 F.3d 685, 691-92 (4th Cir. 2008). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2012). We defer to the Board's factual findings under the substantial evidence rule. *Anim v. Mukasey*, 535 F.3d 243, 252 (4th Cir. 2008).

On appeal, Mira-Avila raises various challenges to the agency's reinstatement of his prior removal order, including a claim that the Department of Homeland Security (DHS) failed to obtain the 2009 removal order in violation of 8 C.F.R. § 241.8(a)(1) (2018) ("The immigration officer must obtain the prior order of exclusion, deportation, or removal relating to the alien."). Although the record contains a "Stipulated Request for Order of Removal and Waiver of Hearing," the record does not contain a 2009 order of removal issued by an immigration judge. *See* 8 C.F.R. § 1003.25(b) (2018); *United States v. Ramos*, 623 F.3d 672, 679 (9th Cir. 2010) (explaining process followed for stipulated requests for removal).

There is nonetheless ample evidence in the record to support a finding that an IJ promptly entered an order of removal following Mira-Avila's stipulated request for removal. The stipulated request was signed on March 13, 2009; according to the Notice of Intent/Decision to Reinstate Prior Order, which Mira-Avila did not contest, he was ordered removed by the IJ on March 19, 2009, and removed to Honduras the following day. Moreover, Mira-Avila conceded that he was removed from the United States to Honduras in March 2009. Because Mira-Avila cannot demonstrate that he was prejudiced by the DHS's failure to produce the 2009 removal order, we discern no reversible error. *See Villegas de la Paz v. Holder*, 640 F.3d 650, 655–56 (6th Cir. 2010) (concluding that no relief was warranted on DHS's failure to comply with 8 C.F.R. § 241.8 when alien failed to demonstrate prejudice).

Mira-Avila further claims that the prior removal order, which was issued in the name of his cousin, Juan Carlos-Castellon, did not pertain to him. He alleges that he presented "an abundance of evidence on the record that proved his identity" as Jose Manuel Mira-Avila. (Pet'r's Br. at 11). The issue, however, is not whether the petitioner utilizes the name Mira-Avila, but whether he was previously removed under the name "Juan Carlos-Castellon."

Pursuant to 8 C.F.R. § 241.8(a)(2), "[i]n disputed [reinstatement] cases, verification of identity shall be accomplished by a comparison of fingerprints between those of the previously excluded, deported, or removed alien contained in Service records and those of the subject alien." When Mira-Avila was apprehended by the DHS in 2017, they ran his fingerprints through both immigration and criminal databases. The DHS discovered that

3

his fingerprints matched those of a Juan Carlos-Castellon who had been removed from the United States on March 20, 2009. The DHS proffered on the record that Mira-Avila was fingerprinted each time he entered the United States. The DHS specifically claimed that Mira-Avila was fingerprinted on February 24, 2009, and May 10, 2017, and that the stipulated request for removal was also "linked up with his fingerprint." (A.R. 149). Although Mira-Avila argues that the agency erred in relying solely on the DHS's proffer and notes that the fingerprints were not offered into evidence, he fails to offer any evidence to suggest that the immigration officers failed to properly discharge their duty to match the fingerprints in this case. *See United States v. Chem. Found.*, 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."). We conclude that the record supports a finding that Mira-Avila was removed from the United States in March 2009 and was properly subject to a reinstatement order.

Turning to Mira-Avila's applications for withholding of removal and protection under the Convention Against Torture, we have thoroughly reviewed the record, including the transcript of Mira-Avila's merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision. *See Gomis v. Holder*, 571 F.3d 353, 359 (4th Cir. 2009). We therefore uphold the denial of relief for the reasons stated by the Board. *See In re*

4

*Carlos-Castellon*[*] (B.I.A. July 18, 2018).  We grant Mira-Avila's motion for leave to proceed in forma pauperis.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] The Board's opinion was issued in the name of Juan Carlos-Castellon, a.k.a., Jose Manuel Mira-Avila.

5